UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:  
    **Laverne Grantham,**

        Debtor.

CHAPTER 13

CASE NO. 20-43557

Judge Thomas J. Tucker

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION
FOR SANCTIONS AGAINST U OF M CREDIT UNION**

This Chapter 13 case is before the Court on the motion filed by the Debtor, entitled "Motion For Sanctions Against U of M Credit Union For Violation of the Automatic Stay and Request for Sanctions and Attorney Fees" (Docket # 59, the "Motion"). No timely response to the Motion was filed, and the Debtor filed a certificate of no response on October 17 2022 (Docket # 63).

This bankruptcy case is assigned to Judge Maria Oxholm, but on October 21, 2022, Judge Oxholm entered an order recusing herself from hearing this Motion, and the Motion was assigned to the undersigned judge (Docket # 64). On December 13, 2022, the Debtor's attorney contacted the undersigned judge's chambers, and then submitted a proposed order granting the Motion. That was the first time the undersigned judge became aware of the Motion.

For the following reasons, the Court will deny the Motion.

As best the Court can understand, the Motion alleges only one particular incident in which the U of M Credit Union (the "Creditor") violated the automatic stay under Bankruptcy Codes section 362(a). This one incident was the Creditor's making a phone call to the Debtor on the night of May 12, 2020, seeking to collect on a car loan. (*See*

Motion at paragraph 10). This incident occurred after this bankruptcy case was filed (on March 10, 2020), and well after the Creditor had actual knowledge of this bankruptcy case, as evidenced by, among other things, the fact that this Creditor filed a proof of claim in this case on April 20, 2020 (Claim 9-1 in the Claims Register). This incident occurred roughly three and one-half months before a Chapter 13 plan was confirmed (on August 28, 2020).

Given the timing of the Motion, the Court finds that the Motion does not credibly or reasonably allege that any particular injury or damage occurred as a result of this automatic stay violation. The Motion alleges only that the Debtor "is distraught because she believes she will lose her vehicle." (Motion at paragraph 29). But the Debtor makes that allegation only as of the time the Motion was filed, on September 12, 2022, two years and four months after the stay violation incident occurred on May 12, 2020, and more than two years after the Debtor's Chapter 13 plan was confirmed on August 28, 2020. Given the very long delay by the Debtor in seeking relief for the May 12, 2020 stay violation, the fact that no further such violations have occurred (no such further violations are alleged in the Motion), the fact that a Chapter 13 plan was later confirmed, more than two years ago, and the fact that the Debtor has had bankruptcy counsel to advise her at all times, it is not credible or reasonable that the Debtor now would be "distraught" because of the stay violation that occurred so long ago.

The Motion also alleges that "upon information and belief, the credit reporting status of the Debtor, as reported by Creditor, is inaccurate, and an additional violation of the automatic stay." (Motion at paragraph 15). This allegation is expressly speculative ('upon information and belief"), and fails to allege any details about what this Creditor

has reported or not reported to any credit reporting agency(ies) after the filing of this bankruptcy case. Nor does the Motion allege any particular injury or damage to the Debtor from this speculative and vaguely-alleged stay violation.

Based on the foregoing, the Court finds that the Debtor has not suffered any "actual damages, including costs and attorney fees" because of the stay violations alleged, within the meaning of 11 U.S.C. § 362(k)(1). The May 12, 2020 stay violation by the Creditor did not reasonably cause the Debtor to incur any attorney fees or costs. The only attorney fees and costs that are alleged or apparent are those incurred by the Debtor in connection with filing and prosecuting the Motion, which was not filed until September 12, 2022. By the time the Motion was filed, it could have and should have been avoided; the Motion should not have been filed, especially at a time that was two years and four months after the alleged stay violation took place. For these reasons, the Court will not award any monetary relief in favor of the Debtor and against the Creditor.

In addition, the Court finds that it is unnecessary at this time to grant the non-monetary relief sought by the Motion (as reflected in the proposed order that was attached to the Motion and submitted to this Court), namely, to order the Creditor to "immediately reflect in their records that Debtors are in a Chapter 13 Bankruptcy which is confirmed and that Creditor shall cease their attempts to collect money from the Debtor[]." This is especially so given that the one time stay violation occurred so long ago, and was never repeated.

Finally, to the extent that the Motion alleges that the Creditor violated the terms of the Order Confirming Plan, or the confirmed plan, the Court finds otherwise, because the Debtor's Chapter 13 plan was not confirmed until the Order Confirming Plan was

entered on August 28, 2020 (Docket # 31), and that was roughly three and one-half months *after* the May 12, 2020 stay violation incident.

For the reasons stated above, the Court will deny the Motion in its entirety.

**IT IS ORDERED** that the Motion (Docket # 59) is denied in its entirety.

**Signed on December 14, 2022**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge